IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lakenyata Maxwell, *in her individual capacity and as Personal Representative of the Estate of Michael Thomas, Jr., deceased*, and Michael Thomas, Jr., *in his individual capacity*,[1]<br><br>     Plaintiff,<br><br> vs.<br><br>Leon Lott, *in his capacity as Sheriff of the Richland County Sheriff's Department*; Timothy Ehrhart,<br><br>     Defendants. | Civil Action No. 3:23-5037-CMC<br><br>**ORDER** |

  This matter is before the court on motion of Defendants Leon Lott and Timothy Erhart to dismiss Plaintiff Lakenyata Maxwell's claims. ECF No. 8. Because Plaintiff was proceeding *pro se*, a *Roseboro* Order was sent to her on October 16, 2023, advising her of the summary judgment and dismissal procedures and explaining the importance of filing a response to the motion. ECF No. 9. Plaintiff filed a response in opposition to the motion to dismiss. ECF No. 13. Defendants filed a reply. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

---

[1] Plaintiff Lakenyata Maxwell may not bring a claim on behalf of another person. In addition, Plaintiff Michael Thomas, Jr., is deceased. Accordingly, Plaintiff Michael Thomas, Jr., in his individual capacity, must be dismissed from this lawsuit.

On February 21, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendants' motion to dismiss be granted as Plaintiff's claims are duplicative of claims in a previously filed case, and her negligence claim is barred by the statute of limitations. ECF No. 36. On March 11, Attorney Hawkins filed a notice of appearance on behalf of Plaintiff (ECF No. 40), and a motion for extension of time to respond to the Report (ECF No. 41). The motion for extension of time was granted, as was an additional motion for extension. Plaintiff subsequently timely filed objections. ECF No. 47. Defendants replied. ECF No. 50.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Magistrate Judge found Plaintiff's claims brought pursuant to § 1983 are duplicative of the claims raised in her first case and therefore recommended they be dismissed under the claim-splitting doctrine. ECF No. 36 at 4. Further, the Report recommended dismissal of the South Carolina Tort Claims Act negligence claim as barred by the statute of limitations. *Id.* at 6.

Plaintiff filed objections, asserting the claim-splitting doctrine should not apply here and, even if it does, it was waived when Defendants removed the case to this court. ECF No. 47 at 5-7. Further, Plaintiff contends that if the cases are considered duplicative, they should be consolidated

2

rather than dismissing the second lawsuit. As to the negligence claim under the Tort Claims Act, Plaintiff asserts the statute of limitations has not expired or should be equitably tolled because she filed a timely lawsuit, albeit in the wrong court.

Defendants filed a reply to the objections, asserting the Magistrate Judge "appropriately concluded that the claim splitting doctrine and the rules against duplicative litigation should operate to bar the instant action." ECF No. 50 at 2. They also contend equitable tolling is not warranted to extend the statute of limitations on Plaintiff's negligence claim. *Id.* at 2-4.

"The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015). In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim. *See Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008); *Trustmark Insur. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002). When one suit is pending in federal court, a plaintiff has no right to assert another action "on the same subject in the same court, against the same defendant at the same time." *Sensormatic*, 273 F. App'x at 265 (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139–39 (2d Cir. 2000)). Often, the rule against claim splitting applies to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit. *Id.*; *Northern Assurance Co. of Am. v. Square D. Co.*, 201 F.3d 84, 87–88 (2d Cir. 2000) (citing string of cases dismissing claim in second suit that was

3

duplicative of claim sought to be amended in first suit); *In re Kevco, Inc.*, 309 B.R. 458, 465–66 (Bankr. N.D. Tex. 2004) (same)).

Plaintiff, proceeding *pro se*, initially filed a lawsuit in this court against Richland County and Sheriff's Deputy Timothy Erhart for actions during a chase that led to the death of her son. Case No. 3:23-cv-1903, at ECF No. 1. The Magistrate Judge entered a Report and Recommendation, recommending Defendant "Richland County," which the Magistrate Judge construed as the Richland County Sheriff, be dismissed as a defendant because it is not a "person" amenable to suit under § 1983, and the negligence claim could not be brought in federal court due to Eleventh Amendment immunity. ECF No. 16. Although Plaintiff did not file objections, she did file a motion for leave to file an Amended Complaint, attempting to name Leon Lott as Sheriff of the Richland County Sheriff's Department as a Defendant instead of Richland County. ECF No. 20. The Magistrate Judge denied the motion to amend as futile, because such a claim cannot be brought in federal court. ECF No. 25. This court then adopted the Magistrate Judge's Report and dismissed Richland County as a Defendant, leaving Erhart as the sole Defendant. ECF No. 27.[2] The case against Erhart remains pending in this court.

Plaintiff subsequently filed another *pro se* lawsuit in the Richland County Court of Common Pleas against Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department and Timothy Erhart, which was removed to this court by Defendants. Case No. 3:23-

---

[2] The court noted Plaintiff could file her claim(s) against the Sheriff in state court, which could then be removed to this court. *Id.* at 3.

4

cv-5037, at ECF No. 1. Plaintiff's claims concern the same incident as the previously filed federal case, and Deputy Erhart appears as a Defendant in both cases. Plaintiff continues to attempt to assert federal and state claims against the Sheriff of Richland County.

The Magistrate Judge has thoroughly explained why Plaintiff's § 1983 claim cannot proceed against the County or the Sheriff, and that claim is hereby dismissed for the reasons stated by the Magistrate Judge. However, only Erhart remains in the initial action, as "Richland County," construed by the Magistrate Judge as the Richland County Sheriff's Department, was dismissed based on immunity from a suit filed in federal court. By filing the instant case in state court, Plaintiff has remedied the immunity problem with the negligence claim against the Sheriff's Department from her first case. However, that is not the only problem with the negligence claim.

Defendants also assert, and the Magistrate Judge agrees, Plaintiff's negligence claim against the Sheriff of Richland County is barred by the two-year statute of limitations in the South Carolina Tort Claims Act. Plaintiff's son was killed in May 2021. The instant lawsuit was filed on October 6, 2023. Therefore, unless equitable tolling applies, Plaintiff's negligence claim is barred.[3]

Equitable tolling is "reserved for extraordinary circumstances" and "rarely applied in South Carolina to stop the running of statutes of limitations." *Pelzer v. State*, 662 S.E.2d 618, 620 (S.C. Ct. App. 2008). Equitable tolling "is typically available only if the claimant was prevented in some extraordinary way from exercising his or her rights, or, in other words, if the relevant facts present

---

[3] Statutory tolling under the South Carolina Tort Claims Act does not apply here. *See* S.C. Code Ann. § 15-3-40.

5

sufficiently rare and exceptional circumstances that would warrant application of the doctrine." *Id.* at 620. In *Pelzer*, the court found the statute of limitations should not be tolled for a *pro se* prisoner who timely mailed his application to the wrong court. *Id.* at 621.

Here, Plaintiff filed a timely action and included the negligence claim against Richland County. However, her pleading was defective – it was brought in the wrong court and against the wrong defendant. Plaintiff asserts she was prevented from properly and timely filing her claim because multiple attorneys who previously represented her did not properly prosecute the case, and the Sheriff's Department harassed her at home to discourage her from filing. She does not, however, give sufficient detail to show how she was prevented from filing the lawsuit in a timely manner in the correct court. The court finds this is not an "extraordinary circumstance" where equitable tolling should be applied.

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and objections and reply, the court adopts the Report. Plaintiff's negligence claim under the South Carolina Tort Claims Act is untimely, and the federal § 1983 claim against Erhart in the instant action is duplicative of the initial action. A § 1983 claim cannot be brought against the Sheriff in his official capacity, as he is not a "person" amenable to suit under that statute. Plaintiff Michael Thomas, Jr. in his individual capacity is dismissed from both cases for the reasons stated in footnote 1 of this Order. Accordingly, Defendants' motion to dismiss (ECF No. 8) is granted, and all claims in the instant action (3:23-5037) are dismissed without prejudice. Plaintiff's claim against Deputy Erhart pursuant to § 1983 in Case No. 3:23-1903 shall continue.

**IT IS SO ORDERED.**

                                            <u>s/Cameron McGowan Currie</u>
                                            CAMERON MCGOWAN CURRIE
                                            Senior United States District Judge

Columbia, South Carolina
June 26, 2024